**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO:**

**KEITH REEVES, on behalf of himself**
**and all others similarly situated,**

    **Plaintiff,**

**v.**

**DHPARTNERS, INC.,** *doing business as*
**DIRECT HIT LOGISTICS**

    **Defendant.**

_____/

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, KEITH REEVES("Plaintiff" or "Reeves") on behalf of himself and those

similarly situated, by and through undersigned counsel, file this Complaint against

Defendant, DHPARTNERS, INC, *doing business as* DIRECT HIT LOGISTICS

("DHL or "Defendant"), and state as follows:

**I.**      **NATURE OF THE CASE**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et*

*seq*. ("FLSA") for Defendant's failure to pay Plaintiff and other current and former similarly

situated employees("class members") overtime wages for all time worked in excess of forty

(40) hours in a workweek in violation of the FLSA. Plaintiffs brings this suit as a collective

action pursuant to Section 216(b) of the FLSA.

2.      The Fair Labor Standard Act of 1938, 29 U.S.C. § 201 et, seq. ("FLSA") was

enacted to ensure "the maintenance of the minimum standard of living necessary for health efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA establishes minimum wage and overtime requirements for covered employees to achieve this broad remedial purpose. 29 U.S.C. §§ 206, 207. These provisions, and the private right of action granted to employees, prevent employers from pilfering rightfully earned wages of employees. *See, Billingsley v. Citi Trends Inc.,* 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

3.        As non-exempt employees, Plaintiff and the class members are entitled to the applicable overtime wage rate for each overtime hour they were suffered and permitted to work by Defendant. *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013) ("To be 'employed' includes when an employer 'suffer[s] or permit[s] the [employee] to work'").

4.        Plaintiff, Keith Reeves' consent to act as Class Representative in this Section 216(b) is attached as ***Exhibit A.***

## II.        JURISDICTION AND VENUE

5.        Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq*., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

6.        This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).

7.        Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this district, and the actions complained of occurred in this district.

## III.   PARTIES

### A.       Plaintiff

8.          At all times relevant hereto Plaintiff, Keith Reeves resided in this judicial district.

9.          At all times relevant hereto, Plaintiff, Keith Reeves, handled goods that had moved in interstate commerce daily delivering packages to customers of DHL

10.         At all times relevant hereto, Plaintiff, Keith Reeves is a current or former "employee" of Defendant as that term is defined by the FLSA, 29 U.S.C. §201 *et seq*, as he was suffered and permitted to work delivering packages to DHL customers.

### B.       Defendant

11.         Within the relevant time period, DHL has been a corporation organized under the laws of the State of Florida

12.         At all times relevant hereto, DHL has maintained offices and conducted business throughout Florida and within this judicial district and is therefore within the jurisdiction of this Court.

13.         At all times relevant hereto, DHL has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of 3(s)(1)(A).

14.         At all time relevant hereto, DHL has tow (2) or more employees who have handled goods that moved in interstate commerce.

15.         At all times relevant hereto, DHL was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

## IV.     FACTUAL BACKGROUND

16.     DHL operates a carrier and logistics business and among other activities, provides trucks and/or drivers to deliver goods to customers in Florida.

17.     Plaintiff and the class members transported merchandise designated by and for Defendant that originated from locations outside of the State of Florida for local deliveries in vehicles weighing less than 10,000lbs.

18.     Plaintiff and the class members worked for Defendant delivering goods to customers in Florida.

19.     Defendant's annual gross revenues are believed to be in excess of $500,000.00 for each year of the relevant FLSA three (3) year statute of limitations.

20.     During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

21.     Plaintiff has been employed by Defendant since approximately May 21, 2018 through the present.

22.     Defendant agreed to pay Plaintiff and the other similarly situated current and former similarly situated drivers of Defendant an hourly rate of pay.

23.     During his employment, Plaintiff and other the class members regularly worked in excess of forty (40) hours in individual workweeks.

24.     Defendant would automatically deduct one (1) hour of pay from Plaintiff and other similarly situated drivers' pay for one or more automatic meal break(s), although Plaintiff and Defendant's other drivers did not actually take these breaks.

25.     Defendant made the automatic meal break deduction even though, on almost every workday Plaintiff and other the class members worked through their meal break, which

included completing scheduled deliveries to customers of Defendant on time.

26.     Plaintiff and other similarly situated employees' meal break activities-which totaled between 5 and 6 hours during a typical workweek, predominately benefited Defendant.

27.     Because Plaintiff and other the class members were/are full-time employees and often worked at least forty (40) hours per workweek-most of the uncompensated meal break would constitute overtime work under the FLSA.

28.     By failing to pay Plaintiff and other the class members for all overtime hours worked, Defendant has acted willfully and with reckless disregard of clear applicable FLSA provisions.

## COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff bring this lawsuit pursuant to 29 U.S.C. §216(b) as a collective action on behalf of the DHL driver class.

30.     Plaintiff and the other class members were all local delivery drivers and performed the same or similar job duties as one another in that they provided local service at the direction and on behalf of the Defendant.

31.     Further, Plaintiff and the other class members were subjected to the same provisions in that they were all automatically deducted one (1) hour of pay per day for one or more automatic meal break(s), although Plaintiff and Defendant's other drivers did not actually take these breaks.

32.     The class of similarly local delivery drivers employed by Defendant who may become Plaintiffs in this action are current and former employed local delivery drivers of Defendant who are and who were subject to the payroll practices and procedures of Defendant.

33.     The class of current and former similarly situated drivers employed by

Defendant is readily identifiable from records maintained by Defendant and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

34.     DHL's policy or practice was applicable to Plaintiff and all current and former similarly situated drivers employed by Defendant, which resulted in the non-payment of overtime to Plaintiff and which applies and continues to apply to all class members. Accordingly, the class members are identified properly as:

> **All delivery driver employees who worked for Defendant to provide local delivery services within the three year period preceding the filing of this Complaint, who were automatically deducted one (1) hour of pay per day for one or more automatic meal break(s), although you did not actually take these breaks.**

35.     Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

36.     Defendant has failed to maintain accurate records of Plaintiff and the class members' work hours in accordance with the law.

37.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

c. The time of day and day of week on which the employees' work week begins;

d. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

e. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

f.   The hours worked each workday and total hours worked each workweek;

g.   The total daily or weekly straight time earnings or wages due for hours

worked during the workday or workweek, exclusive or premium overtime compensation;

    h.  The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    i.  The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    j. The dates, amounts, and nature of the items which make up the total additions and deductions;

    k. The total wages paid each pay period; and

    l. The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

38.    Because Defendant's records are inaccurate and/or inadequate, Plaintiff and class members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).*

## COUNT I

### Violation of the FLSA – Overtime Wages
*Plaintiff on behalf of himself and other similarly situated Employees*

Plaintiffs incorporate and re-allege paragraphs 1 through 38 as though set forth herein.

39.    This Count arises from Defendant's violation of the FLSA for their failure to pay Plaintiff and the class members one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in a work week.

40.    Defendant's FLSA violation was undertaken willfully and with reckless

disregard of clearly applicable FLSA provisions.

41.     Defendant directed Plaintiff and the class members to work, and Plaintiffs did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

42.     Plaintiff and the and the class members were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

43.     Defendant did not pay Plaintiff, and the class members overtime wages for all overtime hours worked in excess of forty (40) hours in individual workweeks.

44.     Defendant's failure to pay Plaintiff and the class members overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

45.     Defendant failed to keep adequate records of Plaintiff and the class members' work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

46.     Plaintiff and the class members are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated current and former employees prays for a judgement against Defendant as follows:

A.     That the Court determine that this action may be designated and maintained as a collective action pursuant to Section 216(b) of the FLSA, and prompt issuance of notice pursuant to Section 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to Section 216(b);

B.      A judgment in the amount of all unpaid overtime wages owed to Plaintiff, and the class members;

C.      Liquidated damages in the amount equal to the overtime wages for Plaintiff and the class members;

D.      Reasonable attorneys' fees and costs of this action as provided by the FLSA;

E.      Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

Dated this 6th  day of May,  2020

Respectfully submitted,

*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No.: 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

KEITH REEVES, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

DHPARTNERS, INC., *doing business as*
DIRECT HIT LOGISTICS

    Defendant.

_____/

## CONSENT TO BECOME PARTY PLAINTIFF

    I, _KEITH L. REEVES_ , consent to become the party plaintiff in the above-

styled Lawsuit.

Date:  April _28_, 2020

Signature: _____

Print: _KEITH L. REEVES_